UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Civia Winter, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br> -v.-<br><br>Resurgent Capital Services L.P.,<br>Pinnacle Credit Services, LLC<br><br>        Defendant. | Civil Action No: 3:22-cv-772<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Civia Winter (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant Resurgent Capital Services L.P. (hereinafter "Defendant" or "Resurgent") and Defendant Pinnacle Credit Services, LLC (hereinafter "Defendant" or "Pinnacle"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant Resurgent Capital Services L.P. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and resides at 55 Beattie Place, Suite 110, Greenville, SC 29601 and may be served process upon the Corporation Service Company at 80 State Street, Albany, New York 12207.

9. Defendant Pinnacle is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process upon the Corporation Service Company at 80 State Street, Albany, New York 12207.

10. Upon information and belief, Defendant Pinnacle is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant Resurgent sent an collection letter

   c. on behalf of Defendant Pinnacle;

   d. attempting to collect a consumer debt;

   e. asserting that the statute of limitations to file a lawsuit to collect the debt has lapsed but failed to disclose that it will recommence upon payment;

    f. which also included misleading information regarding the status of a consumer dispute;

    g. and sent validation documents that did not properly validate the debt.

    h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ l692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to February 13, 2021, an obligation was allegedly incurred to General Electric Capital Corporation by Plaintiff.

23. The alleged General Electric Capital Corporation obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

24. The alleged General Electric Capital Corporation obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. General Electric Capital Corporation is a "creditor" as defined by 15 U.S.C. §1692a(4).

26. Defendant Pinnacle, a debt collector and the subsequent owner of the alleged General Electric Capital Corporation debt, contracted with Defendant Resurgent to collect the alleged debt.

27. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – February 13, 2021 Collection Letter*

28. On or about February 13, 2021, Defendants sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Pinnacle. **See Exhibit A**.

29. The Letter contains the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

30. The Letter states: "The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it and Pinnacle Credit Services, LLC cannot report it to any credit reporting agency."

31. The Letter is materially deceptive as it fails to disclose that the previously lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by the Plaintiff.

32. Therefore, the Letter puts the Plaintiff at material risk of making a partial payment and thereby unknowingly recommencing the lapsed statute of limitations.

33. In the alternative, Defendants have already sued the Plaintiff on the alleged debt and the statement of the statute of limitations having expired is false and misleading.

34. Furthermore, page two of the Letter contains and account summary; it lists the "account balance at time of acquisition: $2,490.73".

35. It lists the "Current Balance Due: $6410.67".

36. No other charges or amounts are listed in the Letter.

37. There is no explanation of how or why the debt balance jumped so drastically since acquisition.

38. Defendant failed to provide a basis for Plaintiff to determine what charges if any, caused the increase from the time of acquisition to the amount currently alleged as due.

39. It is not possible for the balance at acquisition and the current balance to be different if no amounts were added or subtracted in the interim.

40. Plaintiff is therefore unable to evaluate how much the actual debt being collected is for.

41. Plaintiff is unable to determine why the amount being demanded is higher than the amount of the debt due at acquisition.

42. If in fact the balance when up due to interest or fees, it is deceptive not to state so.

43. This is even more troubling to Plaintiff as this Letter was in response to a request from Plaintiff of validation of the debt.

44. Defendants failed to in any way provide a proper validation of the debt.

45. In addition, on page three Defendant Resurgent provided an additional validation notice.

46. This additional validation notice is especially deceptive to Plaintiff as the current Letter is in response to a validation request.

47. Plaintiff does not know if Defendants are allowing an additional attempt to validate the debt.

48. Upon information and belief, Defendants would not cease collection efforts if it received an additional request to validate the debt from Plaintiff.

49. In addition, the improper validation response and the false statement that contains a request to call to discuss for further assistance, overshadows any additional validation rights afforded by Defendant.

50. In addition, the Letter states the following on page 1:

"Resurgent Capital Services L.P. manages the above referenced account for Pinnacle Credit Services, LLC and has initiated a review of the inquiry we recently received."

51. On page 2 the Letter contains the required statements under §1692g, stated in its entirety below:

"Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor."

52. The two paragraphs contradict each other. The first paragraph states that the Defendant Resurgent "has initiated a review of the inquiry we recently received." This implies that the account is already under review, yet page 2 states that the consumer can dispute the debt within 30 days.

53. Defendants have included incorrect or misleading legal advice in the initial communication letter to Plaintiff.

54. Plaintiff was confused as to how to properly handle this debt and exercise her statutory rights.

55. Plaintiff was unable to make an informed decision regarding her statutory rights to dispute the debt, thus resulting in wasted time.

56. Because of Defendants' actions, Plaintiff expended time, money, and effort in determining the proper cause of action.

57. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

59. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

60. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

61. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

62. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

63. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendants violated said section

   a. by omitting material information creating a false and misleading representation of the status of the alleged debt in violation of §1692e(10); and

   b. by falsely representing the character, amount or legal status of the alleged debt in violation of §1692e(2)(A);

67. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
*et seq.*

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the rights provided him under the FDCPA.

72. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 U.S.C. § 1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must provide certain notices.

76. Defendants violated this section by using contradictory language in regard to the current status of the debt and overshadowing the notices required by §1692g in an initial collection letter.

77. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Civia Winter, individually and on behalf of all others similarly situated, demands judgment from Defendant Resurgent as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
February 11, 2022

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*