**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CIVIA WINTER**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES L.P.**, *et al.*,<br><br>Defendants. | Civil Action No. 3:22-cv-00772 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants Resurgent Capital Services L.P. ("Resurgent") and Pinnacle Credit Services, LLC ("Pinnacle", together, "Defendants") seeking to dismiss Plaintiff Civia Winter's ("Plaintiff" or "Winter") Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) Plaintiff opposed the Motion (ECF No. 13) and Defendants replied (ECF No. 14).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of Article III Standing, and Defendants' Motion to Dismiss is DENIED AS MOOT.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most

favorable to [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc*., 343 F.3d 651, 653 (3d Cir. 2003)).

At some point prior to February 13, 2021, an obligation was incurred by Plaintiff, a resident of Ocean County, New Jersey, owed to General Electric Capital Corporation. ("Compl." ¶ 22, ECF No. 1.) Also prior to that date, the debt incurred by Plaintiff was assigned, or sold, to Defendant Pinnacle, which contracted with Defendant Resurgent to collect the debt. (*Id.* ¶ 26). As alleged, Pinnacle and Resurgent are in the business of collecting debts incurred for personal, family, or household purposes on behalf of creditors. (*Id.* ¶¶ 8-11, 27.) Neither party disputes on this motion that Defendants are "debt collectors" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

On February 13, 2021, Defendant Resurgent, on behalf of Defendant Pinnacle, sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt currently owed to Pinnacle. (*Id.* ¶ 28; *see also* "Letter", Compl., Ex. A, ECF No. 1-1.) The Letter was sent to Plaintiff in response to a request from Plaintiff regarding verification of the debt. (Compl. ¶ 43; *see also* Letter at 1 ("We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt.").) Appended to the Letter was an account summary, providing current and historical account information relating to Plaintiff's debt. (Letter at 2.) The Letter also included a validation notice. (*Id.* at 3.)

Plaintiff takes issue with the Letter itself, arguing that it is materially deceptive in several ways, including, *inter alia*, that: (1) the Letter failed to disclose that the statute of limitations to file a lawsuit to collect on the debt will recommence upon payment by Plaintiff (Compl. ¶ 31); (2) the account summary enclosed with the Letter fails to detail how the initial amount of the debt increased to the current balance due of $6,410.67 (*id.* ¶¶ 37-41); and (3) the validation notice in

the Letter contains conflicting statements as to whether the validation of the Debt was completed (*id.* ¶¶ 46, 49, 52).

In connection with the alleged defects in the Letter, on February 11, 2022, Plaintiff commenced the instant class action against Defendants, alleging, on behalf of herself and all others similarly situated, that she was harmed by the debt collection letter that was sent to her by Defendants. (ECF No. 1.) The Complaint asserts three claims under the FDCPA, alleging violations of 15 U.S.C. §§ l692e, 1692f, and 1692g of the FDCPA. (*Id.*) In lieu of filing an answer, Defendants moved to dismiss the Complaint on May 18, 2022. (ECF No. 11.)

## II.   LEGAL STANDARD

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286, 106 S.Ct. 2932 (citations omitted). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235–36 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "further factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. 1955).

### III. DISCUSSION

Defendants argue that Plaintiff fails to state a claim under the FDCPA because (1) the Letter is not a communication to collect a debt in violation of the FDCPA; (2) the Complaint does not allege that Defendants made a false, deceptive or misleading statement about the debt or that Defendants used unfair or unconscionable means to collect the debt when it contained the statute of limitations language in the Letter; (3) Defendants were not required to detail how the initial debt amount increased to the current balance owed; and (4) Defendants did not use contradictory language in the Letter. (ECF No. 11 1.) Before the Court can address the merits of Defendants' arguments, however, it must first determine whether it has subject-matter jurisdiction over this case.[1] *See Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013).

#### A. ARTICLE III STANDING

Pursuant to Article III of the U.S. Constitution, the judicial power of federal courts is limited to resolving "cases" or "controversies". U.S. Cont. art. III, § 2m, cl. 1. "Thus, federal

---

[1] The Court notes that Defendants' failure to contest standing does not alleviate this Court's independent obligation to confirm the existence of standing before proceeding to an adjudication on the merits of Defendants' arguments in the instant motion to dismiss. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h)(3); *see also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) (affirming the district court's dismissal sua sponte of an action for lack of subject-matter jurisdiction despite the failure of any party to address the jurisdictional question); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (A court "can dismiss a suit *sua sponte* for lack of subject jurisdiction at any stage in the proceeding.")

courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). Absent standing, there is no case or controversy, and a federal court cannot exercise subject-matter jurisdiction over the plaintiff's claims. *Madlinger v. Enhanced Recovery Co., LLC*, No. 21-00154, 2022 U.S. Dist. LEXIS 109328, at *8 (D.N.J. June 21, 2022).

To establish Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

Notably, in 2021, the legal landscape for Article III standing changed after *TransUnion LLC v. Ramirez*, where the Supreme Court determined that plaintiffs must show more than a statutory violation to establish Article III standing. 141 S. Ct. 2190, 2204-05 (2021). Instead, a plaintiff must plead harm that "is sufficiently concrete to qualify as an injury in fact." *Id.* at 2204. While *TransUnion* dealt with the Fair Credit Reporting Act, in the years since *TransUnion*, FDCPA claims have come under scrutiny to ensure that a plaintiff's FDCPA claims are sufficient to confer Article III standing. *Rabinowitz v. Alltran Fin. LP*, No. 21-12756, 2022 U.S. Dist. LEXIS 195050, at *19 (D.N.J. Oct. 25, 2022).

**B.   PLAINTIFF LACKS STANDING TO BRING HER FDCPA CLAIMS**

In assessing whether Plaintiff has standing to bring her claims under the FDCPA, the Court does not write on a blank slate. Since the Supreme Court's decision in *TransUnion*, numerous federal courts, including in this District, have analyzed the issue of standing in light of the

5

heightened scrutiny set forth in *TransUnion* in FDCPA claims substantially similar to the ones asserted here. *See, e.g., Daye v. GC Servs. Ltd. P'ship*, No. 21-7981, 2022 WL 4449381, at *2 (D.N.J. Sept. 23, 2022) (listing cases); *see also Lahu v. I.C. Sys. Inc.*, No. 20-6732, 2022 U.S. Dist. LEXIS 185460 (D.N.J. Oct. 11, 2022); *Rabinowitz*, 2022 U.S. Dist. LEXIS 195050; *Perez v. I.C. Sys.*, No. 21-14883, 2022 U.S. Dist. LEXIS 233055 (D.N.J. Dec. 29, 2022); *Jackson v. I.C. Sys.*, No. 21-12342, 2023 U.S. Dist. LEXIS 5173 (D.N.J. Jan. 11, 2023); *Levins v. Healthcare Revenue Recovery Grp., LLC*, 2023 U.S. Dist. LEXIS 13407 (D.N.J. Jan. 26, 2023). When assessing statutory injuries, courts following *TransUnion* must engage in a two-part inquiry: whether the alleged injury bears a close relationship to a traditionally recognized harm, and second, whether a plaintiff has pled more than a mere injury-in-law. *Rohl v. Prof'l Fin. Co.*, No. 21-17507, 2022 U.S. Dist. LEXIS 96934, at *6 (D.N.J. May 31, 2022).

Post-*TransUnion* courts have consistently found that a concrete injury requires more than just risk of harm but actual "downstream consequences" or "adverse effects." *Sandoval v. Midland Funding, LLC*, No. 18-09396, 2022 U.S. Dist. LEXIS 104894, at *5 (D.N.J. June 13, 2022) (finding that plaintiff lacked standing to bring claim under the FDCPA because plaintiff could not show concrete harm caused by the violation). Indeed, in FDCPA actions relating to deceptive, misleading, and false information, the "common thread in these cases is that informational injury that causes no adverse effects cannot satisfy Article III." *Jackson*, 2023 U.S. Dist. LEXIS 5173, at *6-7.

For the reasons set forth below, the Court finds that Plaintiff lacks standing to bring her claims because she has not suffered a concrete and particularized injury in fact.

With respect to Plaintiff's injuries, the Complaint alleges that Defendants' purportedly deceptive, misleading, and false debt collection practices injured Plaintiff by preventing her from properly responding to or handling the Defendants' debt collection. (Compl. ¶¶ 58, 62.) Plaintiff

6

alleges that she suffered concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt. (*Id.* ¶ 57.) Further, the Complaint alleges that Plaintiff also suffered confusion as to how to handle the debt or exercise her statutory rights and wasted time, money, and effort in determining the proper cause of action. (*Id.* ¶¶ 54-57.)

As underscored in *TransUnion*, a statutory violation alone, divorced from a concrete harm, is insufficient to establish standing. *TransUnion*, 141 S. Ct. at 2213. Here, Plaintiff does not allege that she failed to take advantage of her dispute rights under the FDCPA because of the alleged confusion that the Letter's deceptive, misleading and unfair representations caused. *See Perez*, 2022 U.S. Dist. LEXIS 233055, at *15. Further, while Plaintiff has established her inaction following receipt of the Letter, she fails to allege or explain how her inability to act was a direct consequence of the Letter itself. *See Chaga v. Simon's Agency Inc.*, No. 21-4110, 2023 U.S. Dist. LEXIS 30312, at *10 (E.D. Pa. Feb. 23, 2023) ("[Plaintiff] points to nothing in the letter that cajoled him into a state of complacency or to otherwise "sit back and do nothing'.") Plaintiff's other claims of injury, including confusion, are also insufficient to confer standing. *See, e.g., Madlinger*, 2022 U.S. Dist. LEXIS 109328, at *6 (finding allegations of confusion caused by four addresses contained in one debt collection letter insufficient to confer standing); *Rabinowitz*, 2022 U.S. Dist. LEXIS 195050, at *11 ("This general allegation of confusion, without any allegation of reliance, is insufficient to confer standing.").

The Court therefore finds that Plaintiff does not allege an injury beyond statutory violations. The Supreme Court made clear in *TransUnion* that this is not sufficient to confer standing. *Rohl*, 2022 U.S. Dist. LEXIS 96934 at *13. Accordingly, the Court finds Plaintiff lacks

standing to bring her claims under the FDCPA.[2]  The Court will therefore dismiss the Complaint without prejudice.  Plaintiff will be given an opportunity to file an Amended Complaint to remedy her standing deficiency.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of standing, and Defendants' Motion to Dismiss is DENIED AS MOOT. The Court will permit Plaintiff to file an Amended Complaint within 30 days to plead concrete injury consistent with *TransUnion*, 141 S. Ct. 2190.  An appropriate Order will follow.

Date: **May 12, 2023**

/s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court dismisses the Complaint due to lack of standing, the Court need not address Defendants' arguments for dismissal based on failure to state a claim.